J-S21018-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM BERRIOZ | |
| Appellant | No. 1747 EDA 2014 |

Appeal from the PCRA Order May 15, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001043-2011

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                **FILED APRIL 21, 2015**

Appellant William Berrioz appeals from the dismissal of his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.   Appellant's counsel filed a ***Turner/Finley***[1] letter with this Court and a motion seeking permission to withdraw as counsel.  We affirm and grant counsel's motion.

The trial court summarized the factual and procedural history as follows:

> [Appellant] was arrested on January 6, 2011, after he stabbed a stranger in a public restroom.  He stabbed the victim several times in the chest, back, neck, face and

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa.1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

head with a large 8 1/2" blade, puncturing and collapsing the victim's lung. A security guard tried to restrain [Appellant] but he escaped onto the street. The security guard waved down police, who arrested [Appellant] and recovered the large knife from his person. On April 14, 2011, [Appellant] appeared before the Honorable Harold Kane and, after a full on-the-record colloquy, pled guilty to attempted murder, robbery, possessing an instrument of crime and simple assault.[2] The matter was continued for sentencing so that a presentence investigation report and mental health evaluation could be completed. On July 7, 2011, Judge Kane sentenced [Appellant] to an aggregate sentence of 13 to 26 years['] state incarceration. [Appellant] did not file a direct appeal.

On February 1, 2012, [Appellant] filed a timely *pro se* PCRA petition.[1] On August 20, 2012, appointed PCRA counsel filed an Amended PCRA petition. The Commonwealth filed a Motion to Dismiss on January 16, 2014. On April 21, 2014, this [c]ourt sent [Appellant] a Notice Pursuant to Rule of Criminal Procedure 907, informing him that his petition would be dismissed without further proceedings because the issues raised were without merit. On May 7, 2014, [Appellant] replied to the 907 Notice; his attorney replied on May 12, 2014. On May 16, 2014, this [c]ourt dismissed [Appellant's] PCRA petition based upon lack of merit. On June 16, 2014, [Appellant] appealed this dismissal to Superior Court.

[1] The matter was reassigned to [the Honorable Genece E. Brinkley] on March 18, 2014.

Trial Court Opinion, 10/9/2014, at 1-2.

The trial court granted PCRA counsel's motion to withdraw[3] and appointed new counsel on appeal. Appointed counsel and the trial court

---

[2] 18 P.S. §§ 901(a), 3701(a)(1), 907(a), and 2701(a), respectively.

[3] Counsel sought leave to withdraw as counsel after the PCRA court dismissed Appellant's PCRA petition.

- 2 -

complied with Pennsylvania Rule of Appellate Procedure 1925. On November 12, 2014, counsel filed a **_Turner/Finley_** letter with this Court and a motion seeking permission to withdraw.

Before we may address the merits of Appellant's claim, "we must determine if counsel has satisfied the requirements to be permitted to withdraw from further representation." **_Commonwealth v. Freeland_**, 106 A.3d 768, 774 (Pa.Super.2014). Competent PCRA counsel must conduct an independent review of the record before we can authorize counsel's withdrawal. **_Id._** The independent review

> requires counsel to file a 'no-merit' letter detailing the nature and extent of his review and list[ing] each issue the petitioner wishes to have examined, explaining why those issues are meritless. The PCRA court, or an appellate court if the no-merit letter is filed before it, then must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit.

**_Id._** (internal citation omitted).

PCRA counsel must also "serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply to the petitioner both a copy of the 'no-merit' letter and a statement advising the petitioner that, in the event that the court grants the application of counsel to withdraw, he or she has the right to proceed _pro se_ or with the assistance of privately retained counsel." **_Commonwealth v. Widgins_**, 29 A.3d 816, 818 (Pa.Super.2011) (quoting **_Commonwealth v. Friend_**, 896 A.2d 607 (Pa.Super.2006), _abrogated in part by_ **_Commonwealth v. Pitts_**, 981 A.2d 875, 876 (Pa.2009)).

PCRA appellate counsel filed a **Turner/Finley** letter. Counsel reviewed the record and the applicable law, listed the issues Appellant wished to have examined, and explained why the issues are meritless. Counsel also mailed a copy of the no-merit letter and a copy of his motion seeking permission to withdraw as counsel to Appellant and informed Appellant of his right to proceed *pro se* or with privately-retained counsel to raise any points he deemed worthy of consideration. Motion Seeking Permission to Withdraw as Counsel at Exh. 2, Letter from John Belli, Esq. to William Berrioz dated Nov. 4, 2014. Counsel has substantially complied with the dictates of **Turner/Finley**.

We will now address the merits of the claim raised. Appellant did not file a *pro se* brief or a brief by privately-retained counsel and we will therefore review the merits of the claim raised in his 1925(a) statement and the **Turner/Finley** letter.

Appellant raises the following issue in his 1925(b) statement:

> The PCRA court committed an abuse of discretion in dismissing Appellant's PCRA petition without a hearing by finding that his claims that trial counsel was ineffective for failing to pursue a possible insanity defense or plea of guilty but mentally ill and for failing to file a motion to suppress Appellant's statement to police lacked merit did [sic] not warrant an evidentiary hearing.

Matters Complained of on Appeal (unnecessary capitalization omitted).[4] This claim alleges two underlying issues: (1) trial counsel ineffectiveness for failing to pursue an insanity defense or a plea of guilty but mentally ill; and (2) trial counsel ineffectiveness for failing to file a motion to suppress Appellant's statement to police. The issues lack merit.

Our standard of review from the denial of post-conviction relief "is limited to examining whether the court's determination is supported by the evidence of record and whether it is free of legal error." ***Commonwealth v. Ousley***, 21 A.3d 1238 (Pa.Super.2011) (citing ***Commonwealth v. Morales***, 701 A.2d 516, 520 (Pa.1997)).

A petitioner's right to an evidentiary hearing on PCRA

> is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were

---

[4] The ***Turner/Finley*** letter states the claim as follows:

> The PCRA court committed an abuse of discretion in denying [Appellant] relief without a PCRA hearing.

Letter from John M. Belli, Esq. to Joseph D. Setelyn, Esq. dated Oct. 28, 2014, at 4 (unnecessary capitalization omitted). The letter discusses the two underlying issues from the question presented in the matters complained of on appeal, i.e., trial counsel was ineffective for failing to pursue a possible insanity defense or plea of guilty but mentally ill and trial counsel was ineffective for failing to file a motion to suppress Appellant's statement to police. ***Id.*** at 4-13.

no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

*Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa.Super.2012) (internal citations omitted).

For ineffective assistance of counsel claims, the petitioner must establish: "(1) that the underlying claim has merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors or omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different." *Ousley*, 21 A.3d at 1244 (quoting *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa.Super.2010)). "[C]ounsel is presumed to be effective and the burden of demonstrating ineffectiveness rests on appellant." *Id.* "The failure to prove any one of the three [ineffectiveness] prongs results in the failure of petitioner's claim." *Id.* (quoting *Rivera*, 10 A.3d at 1279).

Appellant first alleges the PCRA court should have conducted a hearing to determine whether trial counsel was ineffective for not pursuing an insanity defense or a plea of guilty but mentally ill. *Turner/Finley* Letter at 5. This claim lacks merit.

"Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa.Super.2002) (citing *Commonwealth v. Allen*, 732 A.2d 582 (Pa.1999)). Whether a plea was voluntary "depends on

whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Commonwealth v. Lynch**, 820 A.2d 728, 733 (Pa.Super.2003) (quoting **Hickman**, 799 A.2d at 141).

"[T]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily, and intelligently made." **Commonwealth v. Willis**, 68 A.3d 997, 1001 (Pa.Super.2013) (quoting **Commonwealth v. Anderson**, 995 A.2d 1184, 1192 (Pa.Super. 2010) (alterations in original)). A guilty plea colloquy must "affirmatively demonstrate the defendant understood what the plea connoted and its consequences." **Id.** at 1002 (quoting **Commonwealth v. Lewis**, 708 A.2d 497, 501 (Pa.Super.1998)). After a defendant enters a guilty plea, "it is presumed that he was aware of what he was doing, and the burden of proving involuntariness is upon him." **Id.** (quoting **Commonwealth v. Bedell**, 954 A.2d 1209, 1212 (Pa.Super.2008)).

Whether a defendant is competent to plead guilty "requires a finding that the defendant comprehends the crime for which he stands accused, is able to cooperate with his counsel in forming a rational defense, and has a rational and factual understanding of the proceedings against him." **Willis**, 68 A.3d at 1002 (citing **Commonwealth v. Turetsky**, 925 A.2d 876 (Pa.Super.2007)).

To establish an insanity defense, a defendant must prove "by the preponderance of the evidence that the actor was legally insane at the time

of the commission of the offense." 18 Pa.C.S. § 315(a). "Legally insane" is defined as "at the time of the commission of the offense, the actor was laboring under such a defect of reason, from disease of the mind, as not to know the nature and quality of the act he was doing or, if the actor did know the quality of the act, that he did not know that what he was doing was wrong." 18 Pa.C.S. § 315(b).

A defendant who is mentally ill may waive his right to trial and plead guilty but mentally ill. A court may not accept a plea of guilty but mentally ill until it "has examined all reports prepared pursuant to the Rules of Criminal Procedure, has held a hearing on the sole issue of the defendant's mental illness at which either party may present evidence and is satisfied that the defendant was mentally ill at the time of the offense to which the plea is entered. . . ." 18 Pa.C.S. § 314(b). A mentally ill individual is defined as "[o]ne who as a result of mental disease or defect, lacks substantial capacity either to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law." 18 Pa.C.S. § 314(c)(1).

At Appellant's guilty plea hearing, the following exchange occurred:

> THE COURT: You have been diagnosed with bipolar disorder and you are suffering from schizophrenia?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you take medication for that?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Pardon me?

THE DEFENDANT: No, Your Honor.

THE COURT: You don't now?

THE DEFENDANT: No.

THE COURT: Do you understand the proceedings and what's going on here today?

THE DEFENDANT: Yes.

THE COURT: Are you able to communicate with your lawyer?

THE DEFENDANT: Yes.

THE COURT: You are not under the influence of any drugs or alcohol, are you?

THE DEFENDANT: No.

THE COURT: Your lawyer went over this form with you?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did she explain it to you?

THE DEFENDANT: Yes.

THE COURT: Do you understand it?

THE DEFENDANT: Yes.

N.T., 4/14/2014, at 3-4. Appellant also signed a written guilty plea colloquy, detailing, inter alia, the rights he waived if he pled guilty. Commonwealth's Motion to Dismiss at Exh. B, Written Guilty Plea Colloquy ("Written Colloquy"). On the Written Colloquy Appellant wrote "prior diagnosis of schizophrenia and bipolar" under the pre-printed phrase "I have never seen a doctor or been in a hospital for any mental problems – I can understand what is going on." *Id.* He placed a check mark next to the phrase. *Id.*

At the conclusion of the guilty plea, the trial court ordered a pre-sentence report and a mental health evaluation. *Id.* at 7. The mental health evaluation described Appellant as "calm and cooperative," and stated he was "awake, alert, and oriented to person, place and time," and he denied "auditory or visual hallucinations" and "suicidal and homicidal ideations." Opinion, 10/9/2014, at 5; Commonwealth's Motion to Dismiss at Exh. C, Mental Health Evaluation at 2, ("Mental Health Evaluation"). It further stated that Appellant's "insight and judgment was fair." Mental Health Evaluation at 2. The report recommended dual diagnosis treatment for Appellant's mental health and substance abuse problems and anger management therapy. Opinion, 10/9/2014, at 5; Mental Health Evaluation at 2. It did not suggest Appellant was incompetent or severely mentally ill. *Id.* At the sentencing, defense counsel noted that in the pre-sentence report and the mental health report "there is a large indication of [Appellant's] mental illness, which will probably be life-long, of being bi-polar, and all the other matters that are mentioned in here." N.T., 7/7/2011, at 10.

Appellant entered a knowing, intelligent, and voluntary plea. At the guilty plea, he testified that he understood the proceedings and was able to communicate with counsel. *See Willis*, 68 A.3d at 1008-09 (denying ineffective assistance of counsel claim alleging counsel should have investigated defendant's competence where defendant made statements at colloquy indicating he was not under the influence of drugs, alcohol, or

medication and understood the proceedings). He is bound by these statements. *See id.* (defendant bound by statements at guilty plea colloquy). Further, Appellant offered no evidence to establish he was legally insane or mentally ill at the time he committed the crime or to establish trial counsel should have suspected he was legally insane or mentally ill at the time he committed the crime. *See id.* (counsel not ineffective for failing to investigate defendant's competence where there was no evidence known to counsel that would have caused a reasonable attorney to conduct a further investigation).

Because Appellant's claim lacked merit, the PCRA court acted within its discretion when it denied a hearing. *See Wah*, 42 A.3d at 338.

Appellant next claims the PCRA court should have granted a hearing on his claim that trial counsel was ineffective for not filing a motion to suppress the statement he made following his arrest. *Turner/Finley* Letter at 11. He claims the police officers failed to provide him *Miranda*[5] warnings. Appellant's written statement to police lists his *Miranda* rights. Appellant answered that he understood each right, did not wish to remain silent, and did not want to talk to a lawyer. He also initialed under each right. Statement of William J. Berrioz, dated 1/6/2011 at 1-2. Therefore, his claim that police did not provide him with the *Miranda* warnings is

---

[5] *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602 (1966).

meritless. Because the underlying claim lacks merit, Appellant's ineffectiveness of counsel claim also lacks merit and the PCRA court did not err in not conducting a hearing. *Wah*, 42 A.3d 335, 338 (Pa.Super.2012); *Ousley*, 21 A.3d at 1244.

PCRA appellate counsel also notes in the *Turner/Finley* letter that Appellant asserted PCRA counsel was ineffective for failing to present evidence to support his claim that trial counsel was ineffective for failing to pursue an insanity defense or plea of guilty but mentally ill. *Turner/Finley* Letter at 12 n.3. Appellant waived this claim because he failed to raise it in his 1925(b) statement. Regardless, the claim lacks merit. As discussed above, trial counsel was not ineffective for failing to pursue an insanity defense or a plea of guilty but mentally ill. Therefore, because trial counsel was not ineffective, PCRA counsel also was not ineffective. *Commonwealth v. Paddy*, 15 A.3d 431, 445 (Pa.2011) (because claims of trial counsel ineffectiveness lack merit, appellant's derivative claims of appellate counsel ineffectiveness for failing to raise trial counsel ineffectiveness fail).

Our independent review of the record has revealed no meritorious claims that Appellant could have raised, and we agree with counsel that this appeal lacks merit. Accordingly, we affirm the order dismissing the PCRA petition and grant counsel's motion seeking permission to withdraw.

Order affirmed and motion to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/21/2015